UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

THOMAS GESUALDI, LOUIS BISIGNANO, MICHAEL O'TOOLE, MICHAEL C. BOURGAL, DARIN JEFFERS, JOSEPH A. FERRARA, SR., FRANK H. FINKEL, MARC HERBST, DENISE RICHARDSON, and THOMAS F. CORBETT, as Trustees and Fiduciaries of the Local 282 Welfare Trust Fund, the Local 282 Pension Trust Fund, the Local 282 Annuity Trust Fund, the Local 282 Job Training Trust Fund, and the Local 282 Vacation and Sick Leave Trust Fund,

Civil Action No.:

Plaintiffs,

- against -

ROCKWALA INC. and ANDY WALA,

Defendants.
------------------------------------------------------------------------x

## COMPLAINT

Plaintiffs Thomas Gesualdi, Louis Bisignano, Michael O'Toole, Michael C. Bourgal, Darin Jeffers, Joseph A. Ferrara, Sr., Frank H. Finkel, Marc Herbst, Denise Richardson, and Thomas F. Corbett, as Trustees and fiduciaries of the Local 282 Welfare Trust Fund, the Local 282 Pension Trust Fund, the Local 282 Annuity Trust Fund, the Local 282 Job Training Trust Fund, and the Local 282 Vacation and Sick Leave Trust Fund (collectively, the "Funds"), for their complaint allege as follows:

## INTRODUCTION

This is an action brought under the Employee Retirement Income Security Act ("ERISA") and the Labor Management Relations Act ("LMRA").

This action arises from the failure of defendants Rockwala Inc. ("Rockwala") and Andy Wala ("Wala") to (a) permit an audit of Rockwala's books and records for the period commencing December 27, 2014 through the date of the audit; (b) remit unpaid contributions

owed to the Funds to be determined by audit or estimated audit for the period commencing December 27, 2014 through the date of the audit; (c) remit contributions due pursuant to a completed audit for the period from July 2, 2011 through December 26, 2014; (d) submit remittance reports and corresponding contributions due for all months beginning with July 2017; (e) pay the full amount of contributions due based on submitted remittance reports for various months between February 2012 and August 2016; and (f) pay interest, liquidated damages, audit fees, attorney's fees and costs for all unpaid and late-paid contributions due.  Rockwala and Wala, collectively are "the Defendants."

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 29 U.S.C. §§185(a), 1132(a)(3), 1132(e)(1), 1132(f) and 1145.

2. Venue lies in this district under 29 U.S.C. §1132(e)(2), as the Funds are administered in this district.  Venue also lies in this district under 29 U.S.C. §185(a).

## THE PARTIES

3. Plaintiffs are Trustees and fiduciaries of the Funds within the meaning of 29 U.S.C. §1002(21)(A), as they have discretion and control over the assets and administration of the Funds.

4. The Funds are "employee benefit plans" and "multiemployer plans" within the meaning of 29 U.S.C. §1002(3) and §1002(37), with their principal place of business at 2500 Marcus Avenue, Lake Success, New York 11042.

5. The Funds are jointly administered by a Board of Trustees, comprised of an equal number of labor and management representatives in accordance with Section 302(c)(5) of the Labor Management Relations Act (the "LMRA"), 29 U.S.C. §186(c)(5).

6. The Funds are maintained pursuant to a Restated Agreement and Declaration of Trust (the "Trust Agreement") for the purposes of collecting and receiving contributions from employers bound to collective bargaining agreements with the Building Material Teamsters Local 282, International Brotherhood of Teamsters (the "Union") and providing benefits to eligible participants.

7. The collective bargaining agreements and the Trust Agreement set forth "terms of the plan," establishing that the Trustees are fiduciaries responsible for administering the Funds and that the Funds are beneficiaries of the collective bargaining and Trust Agreement terms. Accordingly, the Trustees have legal right to bring suit under 29 U.S.C. §1132(a)(3) and 29 U.S.C. §1145.

8. Upon information and belief, Rockwala was a New York corporation organized on October 1, 2002 and dissolved on October 27, 2010.

9. Upon information and belief, Rockwala is, and at all times relevant to this action has been, engaged in the trucking business within the State of New York.

10. Rockwala is, and at all times relevant to this action has been, an "Employer" within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Article I, Section 1 of the Trust Agreement.

11. Upon information and belief, Wala is, and at all times relevant to this action has been, president of Rockwala.

### FACTUAL BASIS FOR CLAIM

The Collective Bargaining Agreement, the Trust
<u>Agreement and the Obligation to Contribute to the Funds</u>

12. Rockwala has at all times relevant to this action been party to a collective bargaining agreement with the Union.

13. Rockwala is bound to the Metropolitan Trucker's Association & Independent Trucker's Contract for the periods from July 1, 2009 through June 30, 2012 (the "2012 CBA"), July 1, 2012 through June 30, 2016 (the "2016 CBA"), and July 1, 2016 through June 30, 2020 (the "2020 CBA"). The 2012 CBA, the 2016 CBA, and the 2020 CBA, collectively are "the CBAs."

14. At all times relevant to this action, the CBAs have required Rockwala to make contributions to the Funds on behalf of its employees who are covered by the CBAs, at specified rates for each hour of covered employment, subject to certain limitations set forth in the CBAs.

15. Along with the contributions, Rockwala is also required to submit remittance reports to the Funds. The remittance reports provide Rockwala's statement of the employees who performed work covered by the CBAs and the number of hours each such employee worked in covered employment.

16. The CBAs provide that Rockwala is bound to the Trust Agreement.

17. The Trust Agreement provides that if Rockwala fails to remit contributions by the date due, Rockwala is liable to the Funds for (i) the delinquent contributions; (ii) interest at the rate of 1.5% per month (18% per year); (iii) an amount equal to the greater of (a) interest on the delinquent contributions or (b) liquidated damages of 20 percent of the delinquent contributions; and (iv) the Funds' attorney's fees and costs.

18. The CBAs provide that if Rockwala fails to remit contributions to the Funds when due, the Funds are entitled to the remedies set forth in Section 502(g)(2) of ERISA.

<u>The Trust Agreement and the Obligation to Permit Audits</u>

19. The Trust Agreement requires an Employer to submit to periodic audits. Specifically, the Trust Agreement provides that "[t]he Trustees may at any time audit the

pertinent books and records of any Employer in connection with" the Employer's contributions to the Funds.

20. The Trust Agreement defines "pertinent books and records" to include but not be limited to:

(a) Payroll records, including payroll journals, time cards, print-outs, ledgers or any other form of payroll record;

(b) Payroll tax records submitted to federal and state governments, including Forms 941, W-2;

(c) Complete business income tax returns;

(d) Cash disbursements records;

(e) General ledgers;

(f) Records relating to the hiring of trucks, including equipment vouchers, invoices and payment records; and

(g) Any other records specifically requested by the Funds' auditors, including the classification of Employees, their social security numbers, and the amount of wages paid and hours worked.

21. The Trust Agreement additionally provides that pertinent books and records of an Employer include:

> the books and records of any business which is bound by a collective bargaining agreement with the Union which requires contributions to any of the Funds and any other business entity which is affiliated with such business and which either: 1) has employed persons who have performed the same type of work as the employees of the Employer covered by the Union agreement, or 2) is part of a group of trades or businesses "under common control," as that term is used in 29 U.S.C. §1301(b)(1) for withdrawal liability purposes, which includes the Employer.

22. The Trust Agreement requires an Employer to submit to audit in order to verify that all contributions required under the CBAs have been remitted to the Funds, that such contributions have been made solely on behalf of individuals eligible to participate in the Funds and that covered employees are receiving the required benefits and/or credits.

23. The Trust Agreement provides that the Trustees may "apply for and be entitled to a mandatory injunction directing an Employer to produce its said books and records for audit."

24. The Trust Agreement provides that an Employer determined to owe contributions by an audit is required to pay, in addition to the contributions due, interest, liquidated damages, attorney's fees, audit fees, filing fees, and costs.

25. Pursuant the Trust Agreement, as amended, interest is calculated at the rate of 1-1/2 percent per month (18% per year).

<u>Authorization for Estimated Audits to Calculate Contributions and Other Amounts Owing</u>

26. The Trust Agreement provides that an Employer who "fails to submit the required remittance reports and/or pertinent books and records for audit within twenty (20) days of written demand must pay an increased monthly contribution."

27. The Trust Agreement further provides that the increased monthly contribution for which an Employer is liable is calculated by multiplying the applicable contribution rates by the total number of covered hours as determined by the methods described below.

28. The Trust Agreement provides that, for the purpose of calculating increased monthly contributions for which an Employer is liable, the total number of covered hours is determined as follows: (1) "by first adding 10% to the number of hours for the month in which the largest number of hours were reported in the previous twelve (12) remittance reports submitted by the Employer (hereinafter referred to as the 'base month')"; (2) in the event that an audit discloses unreported hours for the base month, the amount of said unreported hours is increased by 10% and then added to the number, if any, of reported hours in the base month (which is also increased by 10%) to arrive at the total number of covered hours in the base

month; and (3) in the event that no base month can be identified because there are no previous remittance reports or audit reports, the Employer is deemed to have the number of employees that the Union reports in writing that the Employer is employing, and each employee is deemed to have worked 40 hours per week for the entire unreported period.

29. The Trust Agreement provides that where an Employer:

> submits the required remittance reports, but thereafter such Employer fails to submit the pertinent books and records for audit within 20 days of written demand, such failure shall be a material breach of the Trust Agreement. In such event the Trustees and/or their agents may compute the additional contributions due for any month by taking 50 percent of the number of hours reported for that month and then multiplying said number of hours by the current contribution rate.

The Failure to Allow an Audit

30. Through various correspondences, the Funds, their auditors, and their legal counsel requested that Rockwala submit its books and records to audit for the period commencing December 27, 2014.

31. Despite the foregoing actions by the Funds, Rockwala has failed to submit its books and records to audit for the period commencing December 27, 2014.

Audit

32. Following an examination of Rockwala's books and records for the period from July 2, 2011 through December 26, 2014, the Trustees' auditor issued an audit report (Audit #13-0652) reflecting that Rockwala owes $221,830.11 in contributions.

33. Through various correspondences, the Funds and their legal counsel requested payment of the audited deficiency for the period from July 2, 2011 through December 26, 2014.

34. To date, Rockwala has failed to remit payment of the audited deficiency for the period from July 2, 2011 through December 26, 2014.

Remittance Reports

35. Rockwala has failed to submit remittance reports reflecting the amount of contributions due for the months commencing July 2017 and continuing to date.

36. Through various correspondences, the Funds and their legal counsel requested that Rockwala submit the missing remittance reports.

37. To date, Rockwala has failed to submit the remittance reports due for the months commencing July 2017 and continuing to date.

Unpaid Contributions

38. For the months commencing July 2017 and continuing to date, Rockwala failed to submit remittance reports and corresponding contributions due.

39. Through various correspondences, the Funds and their legal counsel requested that Rockwala the delinquent contributions.

40. To date, Rockwala has failed to pay contributions owing for the months commencing July 2017 and continuing to date.

Underpaid Contributions

41. Various months between February 2012 and August 2016, Rockwala failed to contribute to the Funds the full amount of contributions due.

42. Through various correspondences, the Funds and their legal counsel requested payment of all outstanding contributions due for various months between February 2012 and August 2016.

43. To date, Rockwala has failed to remit payment of all outstanding contributions due for various months between February 2012 and August 2016.

Amounts Due on Contributions Paid Late

44. Rockwala paid contributions late for various months between April 2013 and June 2017.

45. The Trust Agreement provides that the failure to promptly remit contributions due constitutes a violation of the CBAs and Trust Agreement. The Trust Agreement further provides that in such instance, Rockwala is obligated to remit interest, liquidated damages, attorney's fees and costs.

46. Through various correspondences, the Funds and their legal counsel requested payment of interest, liquidated damages, attorney's fees and costs due as result of the late-payment of contributions for various months between April 2013 and June 2017.

47. To date, Rockwala has failed to pay the interest, liquidated damages, attorney's fees and costs due on the late contributions.

Operation of Rockwala after Dissolution

48. Rockwala is an inactive New York business corporation whose active status was terminated on or about October 27, 2010 pursuant to N.Y. Tax Law §203-a.

49. Pursuant to N.Y. Tax Law §203-a, Rockwala's corporate entity was deemed dissolved on October 27, 2010.

50. Wala has continued to operate Rockwala and has employed employees covered by the CBAs after October 27, 2010.

51. Wala has caused Rockwala to report and remit contributions to the Funds for periods after October 27, 2010.

52. Wala has engaged in business on behalf of or in the name of Rockwala after October 27, 2010, in excess of discharging its contracts, collecting its assets, selling its

assets for cash at public or private sale, discharging or paying its liabilities, or otherwise liquidating its business.

53. Wala acted directly or indirectly in the interest of an employer by continuing to engage in business on behalf of or in the name of Rockwala after October 27, 2010. Therefore, Wala is an "employer" within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of the LMRA, 29 U.S.C. §185(a).

54. The Funds have not received a distribution of assets from Rockwala in satisfaction of Rockwala's liability to the Funds pursuant to N.Y. Business Corporation Law §1005-08.

Other Amounts

55. On information and belief, additional contributions, interest, liquidated damages, audit fees, and attorney's fees and costs will continue to become due and owing by Defendants to the Funds during the pendency of this action.

**COUNT I — ERISA**

56. Plaintiffs repeat and reallege the allegations set forth in the preceding paragraphs.

57. Section 515 of ERISA, 29 U.S.C. §1145, requires "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement . . . [to] make such contributions in accordance with the terms and conditions of such plan or such agreement."

58. Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3), provides that a civil action may be brought "by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other

appropriate equitable relief (i) to redress such violation or (ii) to enforce any provision of this title or the terms of the plan."

59. Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), mandates that, "[i]n any action brought by a fiduciary on behalf of a Plan to enforce Section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan –

    (a)    the unpaid contributions,

    (b)    interest on the unpaid contributions,

    (c)    an amount equal to the greater of –

        (i)    interest on the unpaid contributions, or

        (ii)    liquidated damages … in an amount not in excess of 20 per cent of the [unpaid contributions],

    (d)    reasonable attorney's fees and costs of the action, to be paid by the defendant, and

    (e)    such other legal or equitable relief as the court deems appropriate …."

60. Section 502(g)(1) of ERISA, 29 U.S.C. §1132 (g)(1), further provides that "[i]n any action under this subchapter [other than one described in 502(g)(2)] by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action…."

61. Defendants, by virtue of their failure to submit Rockwala's books and records to audit, are subject to an injunction ordering them to submit immediately to such audits and is required to pay the contributions due according to such audits, interest, liquidated damages, audit fees, attorneys' fees, and costs.

62. Defendants, by virtue of their failure to submit Rockwala's books and records to audit, are further liable for an increased monthly contribution for each month during the period for which the books and records were not produced.

63. In accordance with the Trust Agreement, for each month in which an Employer failed to submit remittance reports and/or failed to submit pertinent books and records to the Funds' auditors within twenty days of written demand, the Employer's contribution rate due under the Trust Agreement provision is computed as stated therein.

64. In accordance with the Trust Agreement, for each month in which an Employer did submit remittance reports but failed to submit pertinent books and records for audit within twenty days of written demand, the Employer's increased monthly contribution rate due under this Trust Agreement provision is computed as stated therein.

65. Defendants are also required to pay interest, liquidated damages, audit fees, attorney's fees, and costs in accordance with the Trust Agreement and Section 502(g) of ERISA, 29 U.S.C. § 1132(g).

## COUNT II — ERISA

66. Plaintiffs repeat and reallege the allegations set forth in the preceding paragraphs.

67. Defendants' failure to submit all required remittance reports and failure to pay (in certain instances timely) all contributions, interest, liquidated damages, and attorney's fees and costs owing to the Funds violates the CBAs and the Trust Agreement which is incorporated into the CBAs, and thus gives rise to an action under ERISA Section 515.

68. The Funds are thus entitled under ERISA Section 502(g)(2) to unpaid contributions, interest on unpaid and late-paid contributions, liquidated damages on unpaid and late-paid contributions, attorney's fees and costs.

### COUNT III — LMRA

69. Plaintiffs repeat and reallege the allegations set forth in the preceding paragraphs.

70. Section 301 of the LMRA, 29 U.S.C. §185(a), provides a federal cause of action for "[s]uits for violation of contracts between an employer and a labor organization."

71. By failing to pay the contributions and other amounts owing, the Defendants have violated the CBAs and the Trust Agreement, which is incorporated into the CBAs.

72. The Funds are thus entitled under LMRA Section 301(a) to the unpaid contributions, interest, liquidated damages, attorney's fees and costs.

### COUNT IV – COMMON LAW CLAIM AGAINST WALA

73. Plaintiffs repeat and reallege the allegations set forth in the preceding paragraphs.

74. Upon information and belief, Wala, as president of Rockwala, engaged in activities and conducted business on behalf of or in the name of Rockwala after the dissolution of Rockwala exceeding those activities reasonably necessary for the winding up of Rockwala, thereby making Wala individually liable for such actions, and giving rise to a cause of action at common law against Wala individually.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request that the Court enter a judgment:

1. Deeming Wala individually liable for the delinquencies and CBA obligations of Rockwala;

2. Ordering Defendants, jointly and severally, to submit Rockwala's books and records to audit for the period commencing December 27, 2014;

3. Ordering Defendants, jointly and severally, to pay (i) any delinquencies identified by the audit, (ii) interest on the contributions at the rate of 18% per year, (iii) an amount equal to the greater of (a) interest on the unpaid contributions or (b) liquidated damages of 20 percent of the unpaid contributions, and (iv) the cost of the audit;

4. Ordering Defendants, jointly and severally, to further pay (i) estimated contributions in an amount computed under the Trust Agreement for the period from December 27, 2014 through the audit date, (ii) interest on the contributions at the rate of 18% per year, (iii) an amount equal to the greater of (a) interest on the unpaid contributions or (b) liquidated damages of 20 percent of the unpaid contributions, and (iv) the costs incurred in estimating the amounts due;

5. Ordering Defendants, jointly and severally, to submit remittance reports for any months for which such reports have not been submitted as of the date judgment is entered;

6. Ordering Defendants, jointly and severally, to pay to the Funds (i) all delinquent contributions owed; (ii) interest on all delinquent and late-paid contributions at the rate of 18% per year from the first day of the month when the payment was due through the date of payment; (iii) an amount of liquidated damages equal to the greater of (a) interest on the

delinquent and late-paid contributions or (b) 20 percent of the delinquent contributions; and

(v) the Funds' attorney's fees and costs; and

       7.     Providing such other legal and equitable relief as the Court deems proper, including injunctive relief where warranted.

Dated:  New York, New York
        September 28, 2018

                    /s/ *Michael S. Adler*
                    Joseph J. Vitale
                    Michael S. Adler
                    COHEN, WEISS AND SIMON LLP
                    900 Third Avenue, 21st Floor
                    New York, New York 10022-4869
                    (212) 563-4100

                    Attorneys for Plaintiffs