UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
THOMAS GESUALDI, LOUIS BISIGNANO,
MICHAEL O'TOOLE, MICHAEL C. BOURGAL,
DARIN JEFFERS, JOSEPH A. FERRARA, SR.,
FRANK H. FINKEL, MARC HERBST,
DENISE RICHARDSON, THOMAS F. CORBETT,
  *as Trustees and Fiduciaries of the Local 282*
  *Welfare, Pension, Annuity, Job Training, and*
  *Vacation and Sick Leave Trust Funds*,

            **ORDER**
      Plaintiffs,  18-CV-5470-JBW-SJB

  -against-

ROCKWALA INC.,
ANDY WALA,

      Defendants.
----------------------------------------------------------------X

**BULSARA, United States Magistrate Judge:**

  The Trustees of the Local 282 Trust Funds ("the Funds") sought a default judgment against Defendants Rockwala Inc. ("Rockwala") and Andy Wala ("Wala) (collectively, "Defendant"), and one was entered on February 21, 2019. (Default J. dated Feb. 21, 2019, Dkt. No. 15). Thereafter, the case was closed.

  The Funds now seek to depose Wala and Rockwala and for them to produce documents, and ask for a Court Order warning that non-compliance may result in the imposition of civil monetary and criminal sanctions and monetary fines. (Mot. to Compel Discovery ("Pls.' Mot.") dated July 31, 2019, Dkt. No. 18, at 1). The motion is denied.

  It is true that discovery may be pursued "[i]n aid of the judgment or execution," pursuant to Federal Rule of Civil Procedure 69(a)(2). "[A]ll the discovery devices of the Rules may be used . . . [and the] judgment creditor must be given the freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor." *Caisson*

*Corp. v. Cty. W. Bldg. Corp.*, 62 F.R.D. 331, 334 (E.D. Pa. 1974). But "the inquiry must be kept pertinent to the goal of discovering concealed assets of the judgment debtor and not be allowed to become a means of harassment of the debtor or third persons." *Id*. All discovery—even that sought pursuant to Rule 69—is governed by Rule 26. That is, the discovery must be "relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). To obtain post-judgment discovery, "a plaintiff may not embark on a fishing expedition, and should tailor its requests appropriately, in order to foster compliance and to achieve its ultimate goal, to wit, having its judgment satisfied." *AXGINC Corp. v. Plaza Automall, Ltd.*, No. 14-CV-4648, 2018 WL 4771886, at *4 (E.D.N.Y. Oct. 2, 2018) (quotations omitted).

There are several obvious deficiencies with the discovery propounded by the Funds that result in the denial of the motion.

*First*, the deposition notices to Wala and Rockwala are both for Rule 30(b)(6) depositions, and the Funds fail to follow the appropriate procedure for such depositions. (*E.g.*, Notice of Dep. to Andy Wala ("Wala Dep. Notice"), attached as Ex. A to Pls.' Mot., Dkt. No. 18). An individual cannot be noticed for a 30(b)(6) deposition; an organization must be noticed, and the organization then must identify an individual for the deposition. *See* Fed. R. Civ. P. 30(b)(6) ("Notice or Subpoena Directed to an Organization") ("[A] party may name as the deponent a public or private corporation . . . or other entity[.]"); 8A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 2110 (3d ed.) ("The burden is . . . on the corporation to produce one or more persons to testify on its behalf as to matters known or reasonably available to the organization."); *Reilly v. NatWest Mkts. Grp. Inc.*, 181 F.3d 253, 268 (2d Cir. 1999) ("Under Rule 30(b)(6), when a party seeking to depose a corporation announces the

subject matter of the proposed deposition, the corporation must produce someone familiar with that subject."). The Rule does not permit the adverse party to identify the deponent for the entity. If the Funds wished to depose Wala, they should have noticed a deposition pursuant to Rule 30(b)(1). In any event, both notices to Wala and Rockwala are invalid because they fail to "describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6); (*see* Wala Dep. Notice). Failing to do so defeats the very purpose of Rule 30(b)(6)—"to enable the responding organization to identify the person who is best situated to answer questions about the matter, or to make sure that the person selected to testify is able to respond regarding that matter." 8A Wright & Miller § 2103. "[T]he specification of topics affords valuable advance insight into the focus of the questioner." *Id.* These deficiencies require the Court to deny the motion to compel the depositions. *See, e.g., Freeman v. Rochester Psychiatric Ctr.*, No. 12-CV-6045, 2015 WL 4250892, at *3 (W.D.N.Y. July 10, 2015) ("[P]laintiff's discovery request does not identify any matters for examination. Rather, although it asserts Rule 30(b)(6) as its basis, it also requests to depose four identified individuals—a discovery request that is outside the purview of Rule 30(b)(6). Thus, the form of the request as issued is improper, and the motion to compel is denied."), *report and recommendation adopted*, 2016 WL 748683 (Feb. 26, 2016).

*Second*, the document requests are exceedingly overbroad. The requests seek almost every single piece of paper in the possession of Rockwala. The requests seek every document containing a speck of financial information—whether in the form of tax returns, property holdings, or checks—all of the company's contracts, corporate formation documents, deeds and lease agreements, all documents on its use of material and equipment, vehicle registrations, and complaints from any lawsuit filed against it.

(*See* Req. for the Produc. of Docs. to Rockwala, attached as Ex. C to Pls.' Mot., Dkt. No. 18). This is not discovery that would be permitted within the context of litigation, let alone in the aid of judgment. The Funds provide no justification for the extraordinary breadth of their requests. The motion to compel is also devoid of any caselaw that justifies or discusses the broad discovery being sought, and the existence of a default judgment does not warrant such expansive, boundless discovery.

A more appropriate set of requests could pass muster, but these current requests are far from proportional or tailored. *See, e.g.*, *Gesualdi v. Oyster Bay Sand & Gravel, Inc.*, No. 11-CV-796, 2015 WL 1509481, at *3 (E.D.N.Y. Mar. 31, 2015) ("[T]he Court finds that Plaintiffs are entitled to post-judgment discovery from Defendant, but the scope of information Plaintiffs seek in their discovery demands is overly broad."); *D'Avenza S.P.A. v. Garrick & Co.*, No. 96-CV-166, 1998 WL 13844, at *4 (S.D.N.Y. Jan. 15, 1998) ("It may be the case that, through the deposition testimony sought or through the review of the documents permitted by the Court at this time, plaintiff may be able to demonstrate that a valid basis exists upon which to demand disclosure of a wider assortment of documents. Unless and until that happens, plaintiff's Request for the Production of Documents and Things should be and is hereby limited and modified to permit disclosure of those of Anderson's and Garrick's documents which appear to be reasonably related to ascertaining the status or whereabouts of Garrick's assets.").

The motion is denied.

SO ORDERED.

*/s/ Sanket J. Bulsara*
SANKET J. BULSARA
United States Magistrate Judge

Dated: September 11, 2019
      Brooklyn, New York